# In the United States Court of Appeals
## for the Eighth Circuit

YOUNG AMERICANS FOR FREEDOM; YOUNG AMERICA'S FOUNDATION;
AVERY DURFEE; BENJAMIN ROTHOVE,
PLAINTIFFS-APPELLANTS,

*v.*

U.S. DEPARTMENT OF EDUCATION; MIGUEL CARDONA,
DEFENDANTS-APPELLEES.

On Appeal from the United States District Court for the
District of North Dakota, Case No. 3:24-CV-163,
The Honorable Peter D. Welte, Chief Judge

## NOTICE OF REGULATORY CHANGE AND MOTION TO VOLUNTARILY DISMISS APPEAL

Pursuant to Federal Rule of Appellate Procedure 42(b)(2) and Eighth Circuit Local Rule 27A(a)(21), Plaintiffs-Appellants Young Americans for Freedom, Young America's Foundation, Avery Durfee, and Benjamin Rothove respectfully move to voluntarily dismiss this appeal.

## BACKGROUND

In this action, Plaintiffs-Appellants challenged the racial eligibility criteria in the Ronald E. McNair Postbaccalaureate Achievement Program ("McNair Program"). Dkt 1. *See also* 20 U.S.C. § 1070a-15(d); 34

C.F.R. §§ 647.3 and 647.7. Enacted under its current name in 1987, the McNair program allocated more than $60 million dollars of federally-funded financial assistance to graduate students in fiscal year 2024.[1]

However, in addition to meeting various citizenship and enrollment criteria, students were only eligible to participate in the McNair Program if they were (1) a low-income first-generation college student; (2) a "member of a group that is underrepresented in graduate education"; or (3) a member of a group otherwise designated as underrepresented.[2] *See* 34 C.F.R. § 647.3 ("Who is eligible to participate in a McNair project?").

Under the current federal regulations "[t]he following ethnic and racial groups are considered underrepresented in graduate education:"

1. Black (non–Hispanic),

2. Hispanic,

---

[1] *See* Higher Education Technical Amendments Act of 1987, § 6, Pub. L. 100-50, 101 Stat. 335 (codified as amended at 20 U.S.C. § 1070a-15) (renaming an existing post-baccalaureate achievement program passed by Congress in 1986); U.S. Department of Education, Ronald E. McNair Postbaccalaureate Achievement Program, FY 2024: Projects funded for 2024-25, available at https://www.ed.gov/media/document/fy-2024-mcnair-awards-109463.pdf

[2] Plaintiffs-Appellants are unaware of any additional designations ever made by Defendants-Appellees pursuant to 34 C.F.R. § 647.3(c)(3).

- 2 -

3. American Indian,

4. Alaskan Native,

5. Native Hawaiians, and

6. Native American Pacific Islanders.

*See* 34 C.F.R. § 647.7(b).

Accordingly, students who were not low income, first generation college students *and* who did not meet one of the above racial categories were ineligible for the program. Among those students who were ready and able to apply for the McNair Program, but were not eligible because of the program's racial eligibility requirements, are Plaintiffs-Appellants Avery Durfee and Benjamin Rothove. Dkt. 1.

On August 27, 2024, Plaintiffs-Appellants filed this action, arguing the McNair Program's racial eligibility requirements violate the Fourteenth Amendment to the United States Constitution and the Administrative Procedure Act. Dkt. 1. The District Court denied Plaintiffs-Appellants' Motion for Preliminary Injunction and dismissed this action. Dkt. 19. Following the District Court's denial of Plaintiffs-Appellants' Motion for Reconsideration, Dkt. 26, Plaintiffs-Appellants filed this appeal. Dkt. 29.

## SUBSEQUENT ACTION BY DEFENDANTS-APPELLEES HAS RESOLVED THIS CASE ON THE MERITS

The United States Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), President Donald J. Trump's Executive Orders 14151[3] and 14173,[4] as well as a Presidential Memorandum "Directing the Repeal of Unlawful Regulations"[5] (among other items), have all made clear that the McNair Program's racial eligibility criteria are unlawful and unenforceable. As a result, Plaintiffs-Appellants and Defendants-Appellees have been engaged in discussions to settle this action and dismiss this appeal.

Defendants-Appellees have now determined that the McNair Program's racial eligibility criteria are unconstitutional and

---

[3] *See* Executive Order 14151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8339 (Jan. 20, 2025).

[4] *See* Executive Order 14173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, 90 Fed. Reg. 8633 (Jan. 21, 2025).

[5] *See* The White House, *Directing the Repeal of Unlawful Regulations* (April 9, 2025), available at https://www.whitehouse.gov/presidential-actions/2025/04/directing-the-repeal-of-unlawful-regulations/

unenforceable, and have taken the following actions to effect that determination:

1. On December 2, 2025, the Office of Legal Counsel issued a "Memorandum Opinion for the Acting General Counsel Department of Education" regarding the "Constitutionality of Race-Based Department of Education Programs."[6] This opinion clearly explains that the "race-based elements of the Department's McNair regulations are … unconstitutional" and further provides that "[c]onsistent with [this] interpretation of the McNair statute, the Department may promulgate new, race-neutral regulations to facilitate federal financial support to instituteions of higher education for projects covered by the statute, but it must not consider—directly or indirectly—the race or ethnicity of project participants."[7]

---

[6] *Constitutionality of Race-Based Department of Education Programs*, 49 Op. O.L.C. ___, 38–44 (Dec. 2, 2025) (Memorandum Opinion for the Acting General Counsel Department of Education), available at https://www.justice.gov/olc/media/1421576/dl

[7] *Id*.

- 5 -

Appellate Case: 25-2307     Page: 5     Date Filed: 02/17/2026 Entry ID: 5608659

2. On December 19, 2025, U.S. Secretary of Education Linda McMahon issued the following statement regarding the Office of Legal Counsel's December 2 Opinion:

> "I agree with the Office of Legal Counsel opinion, which confirms that using race quotas and preferences to determine eligibility for federal education programs is unconstitutional. We cannot, and must not, attach race-based conditions when allocating taxpayer funding. This is another concrete step from the Trump Administration to put a stop to DEI in government and ensure taxpayer dollars support programs that advance merit and fairness in all aspects of Americans lives. The Department of Education looks forward to working with Congress to reform these programs."[8]

3. On December 22, 2025, The Solicitor General sent a letter to Congress pursuant to 28 U.S.C. § 530D, stating, "the Department of Justice … has concluded that certain aspects of the Ronald E. McNair Postbaccalaureate Achievement Program (McNair program) violate the Constitution, that the Department will no longer defend those aspects of the program in court, and that the Department will be taking that position in ongoing

---

[8] *See* U.S. Department of Education, *U.S. Secretary of Education Linda McMahon Statement on the Office of Legal Counsel's Opinion on the Constitutionality of Race-Based Higher Education Grant Programs* (Dec. 19, 2025), available at https://www.ed.gov/about/news/press-release/us-secretary-of-education-linda-mcmahon-statement-office-of-legal-counsels-opinion-constitutionality-of-race-based-higher-education-grant-programs

litigation."[9] The letter thoroughly explains the Department of Justice's basis for its determination that the "statutory and regulatory provisions governing the McNair program are unconstitutional to the extent they classify individuals based on race" and also states that the Department of Education "will cease enforcing these unconstitutional provisions and will operate the program in a race-neutral manner."[10]

4. Finally, the U.S. Department of Education plans to rescind the race-based eligibility criteria in the McNair regulations through forthcoming rulemaking.

All of the above actions demonstrate Defendants-Appellees agree with Plaintiffs-Appellants that the McNair Program's race-based provisions are unconstitutional, should not and will not be enforced, and are subject to a planned forthcoming regulatory change to rescind the race-based criteria.

---

[9] Letter from D. John Sauer, Solicitor General, to The Honorable Mike Johnson, Speaker of the U.S. House of Representatives (Dec. 22, 2025) (on file with United States Department of Justice), available at https://www.justice.gov/oip/media/1422341/dl?inline#:~:text=U.S.%20Department%20of%20Justice,achieve%20that%20purpose

[10] *Id.*

## CONCLUSION

As explained above, the underlying merits of this action are no longer in dispute. Therefore, Plaintiffs-Appellants Young Americans for Freedom, Young America's Foundation, Avery Durfee, and Benjamin Rothove respectfully move to voluntarily dismiss this appeal. Defendants-Appellees are aware of this motion and have no objection.

Dated: February 17, 2026.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR LAW & LIBERTY

*/s/ Nathalie E. Burmeister*

Nathalie E. Burmeister
  *Counsel of Record*
Daniel P. Lennington
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Nathalie@will-law.org
Dan@will-law.org

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify the following:

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding exemptions, it contains 1,107 words.

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: February 17, 2026.

*/s/Nathalie E. Burmeister*
NATHALIE E. BURMEISTER

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 17, 2026.

*/s/ Nathalie E. Burmeister*
NATHALIE E. BURMEISTER